**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

July 17, 2017

LETTER TO COUNSEL

      RE:    *Lazette Seney o/b/o J.L. v. Commissioner, Social Security Administration*;
              Civil No. SAG-16-3174

Dear Counsel:

      On September 16, 2016, Plaintiff Lazette Seney petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI") on behalf of her minor son, J.L. (ECF No. 1). I have considered the parties' cross-motions for summary judgment.[1] (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

      Ms. Seney applied for Children's SSI on behalf of J.L. on June 29, 2012, alleging a disability onset date of April 1, 2011. (Tr. 139-47). Her claim was denied initially and on reconsideration. (Tr. 87-90, 96-97). A hearing was held on April 21, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 43-59). Following the hearing, the ALJ issued an opinion denying benefits. (Tr. 24-42). The Appeals Council ("AC") denied Ms. Seney's request for review, (Tr. 1-7), meaning that the ALJ's decision is the final, reviewable decision of the Agency.

      The ALJ evaluated Ms. Seney's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Seney's claim. At step one, the ALJ found that J.L. had not engaged in any substantial gainful activity since the application date. (Tr. 30). At step two, the ALJ found that J.L. suffered from the severe impairment of "seizure disorder." *Id.* At step three, however, the ALJ found that J.L. did not have an impairment or combination of impairments that met any listing. (Tr. 30-39). Additionally, the ALJ determined that J.L. did not have an impairment or combination of impairments that would be functionally equivalent to any listing. *Id.* Therefore, the ALJ determined that J.L. was not disabled for purposes of Children's SSI benefits. (Tr. 39).

---

[1] On June 5, 2017, the Court provided the parties an opportunity to determine whether supplemental briefing was necessary to address the impact of the Fourth Circuit's recent decision in *Lewis v. Berryhill*, No. 15-2473, 2017 WL 2381113 (4th Cir. June 2, 2017). (ECF No. 18). The parties did not file anything in response.

*Lazette Seney o/b/o J.L. v. Commissioner, Social Security Administration*
Civil No. SAG-16-3174
July 17, 2017

Ms. Seney raises two primary arguments in support of her appeal: (1) that the ALJ failed to meet his heightened duty of care towards a *pro se* claimant; and (2) that the ALJ assigned inadequate weight to the opinion of the treating physician, Dr. Williams. Pl. Mem. 1-8. Each argument lacks merit and is addressed below.

First, Ms. Seney contends that the ALJ failed to meet his heightened duty of care towards a *pro se* claimant in developing the record.[2] Pl. Mem. 6-7. Specifically, Ms. Seney argues that the ALJ failed to order a "consultative examination to consider whether [J.L.'s] seizures [met] the [relevant] listing." *Id.* at p. 7. "[I]n pro se cases, ALJs have 'a duty to assume a more active role in helping claimants develop the record.'" *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996) (quoting *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980)). However, "the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Crussiah v. Colvin*, No. CIV. TMD 12-2307, 2014 WL 3778615, at *12 (D. Md. July 29, 2014), aff'd, 589 Fed. Appx. 76 (4th Cir. 2014) (internal citation and quotation marks omitted). In this case, the ALJ's opinion does not reflect an absence of sufficient medical information to permit a decision to be made. Indeed, several medical providers, including J.L.'s treating neurologist, reported that there was no objective evidence to support J.L.'s alleged seizure disorder and cited normal findings on examination. (Tr. 31-33). Moreover, even J.L.'s own treating physician noted that J.L.'s "seizures [were] controlled with [medication]," that "[a] review of [J.L.'s] symptoms was normal," and that he was "doing very well otherwise." (Tr. 32). Accordingly, there was no requirement that the ALJ order a consultative examination to develop the record. Remand on this basis is therefore unwarranted.

Second, Ms. Seney contends that the ALJ assigned inadequate weight to the opinion of the treating physician, Dr. Williams. Pl. Mem. 7-8. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 416.927(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors.

---

[2] Ms. Seney also contends that the ALJ failed to inform her of her right to obtain counsel at her hearing. However, the ALJ informed Ms. Seney of her right to counsel at the hearing and provided her a clear opportunity to seek representation. (Tr. 45-46). Specifically, the ALJ noted that Ms. Seney had been represented by counsel at the initial administrative level, but was currently unrepresented. (Tr. 45). The ALJ then asked "whether [Ms. Seney] would like to go forward" with the hearing, "or whether it [was] [her] interest to delay the hearing further to get a different representative." *Id*. Ms. Seney replied that she would prefer to proceed with the hearing in the absence of counsel. *Id*. The ALJ then reiterated Ms. Seney's right to representation, and again asked whether she preferred to continue unrepresented. (Tr. 46). Ms. Seney again replied in the affirmative. *Id*. Ms. Seney's hearing testimony was clear and articulate, and there is no evidence of confusion about the process. Accordingly, Ms. Seney was properly informed of her right to counsel.

*Lazette Seney o/b/o J.L. v. Commissioner, Social Security Administration*
Civil No. SAG-16-3174
July 17, 2017

*See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Ms. Seney's assertion, the ALJ properly evaluated Dr. Williams's opinion. Dr. Williams diagnosed J.L. with seizures and determined that he met the Listing 111.02, which pertains to epilepsy. (Tr. 31, 33). However, the ALJ discredited Dr. Williams's opinion because it was inconsistent with the medical evidence. *Id.* Specifically, the ALJ found that, "[a]lthough Dr. Williams, [J.L.'s] pediatrician, finds [that] [he] meets the listing at 111.02, the undersigned does not find sufficient evidence to support finding a listing." (Tr. 31). Most significantly, the ALJ noted Dr. Williams's own findings that J.L.'s "seizures [were] controlled with [medication]," that "[a] review of [J.L.'s] symptoms was normal," that "[a] CT of his head was normal," and that J.L. was "doing very well otherwise." (Tr. 32). The ALJ also noted that "there was no evidence of seizure" while J.L. was monitored at the University of Maryland Medical Center, and cited normal objective findings on examination. (Tr. 31). Moreover, the ALJ cited Dr. Birmingham's determination that J.L. was "negative for continuous video EEG" and noted her finding that "a medical provider ha[d] not witnessed seizures." *Id.* Furthermore, the ALJ noted Dr. Derouen's finding that J.L. "experienced seizures approximately once a week because Mrs. Seney forgot to administer [J.L.'s medication] as prescribed." *Id.* These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to discredit Dr. Williams's opinion.

Ms. Seney also argues that the ALJ failed to consider the factors outlined in 20 C.F.R. § 416.927(1)-(6), when assigning weight to Dr. Williams's opinion. The regulations require an ALJ to assess several factors when determining what weight to assign to the medical opinions presented. 20 CFR § 416.927(d). These factors include: the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the specialization of the physician; the consistency of a medical opinion with the record as a whole; and the extent to which a medical opinion is supported by evidence. 20 CFR § 416.927(d)(1)-(5). Upon review of the record, I find that the ALJ cited each factor required under the regulations. Specifically, the ALJ noted that Dr. Williams was J.L.'s treating physician and examined him between 2012 and 2015. (Tr. 31-33). The ALJ also adduced Dr. Williams's opinion, and cited her medical records, which contain Dr. Williams's treatment notes and denotes her specialization as a pediatrician. *Id.* The ALJ then found that Dr. Williams's opinion was unsupported by the medical evidence. *Id.* Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly applied the regulations in discrediting Dr. Williams's opinion, and that his findings are supported by substantial evidence.

For the reasons set forth herein, Ms. Seney's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Lazette Seney o/b/o J.L. v. Commissioner, Social Security Administration*
Civil No. SAG-16-3174
July 17, 2017

                              Sincerely yours,

                                    /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge